# E-filing

ORIGINAL

1  **Thimesch Law Offices**
2  TIMOTHY S. THIMESCH, Esq. (No. 148213)
   MICHELLE L. THIMESCH, Esq. (No. 14059) ORIGINAL
3  JAMES A. KAESTNER, Esq. (No. 143179) **F I L E D**
   171 Front Street, Suite 102
4  Danville, CA 94526-3321          JUL 29 2003
   Telephone: (925) 855-8235
5                                RICHARD W. WIEKING
   Attorneys for Plaintiffs    CLERK, U.S. DISTRICT COURT
6  CONNIE ARNOLD AND CHRISTINE FITZGERALD  NORTHERN DISTRICT OF CALIFORNIA
                                        OAKLAND
7

8                    UNITED STATES DISTRICT COURT
                   THE NORTHERN DISTRICT OF CALIFORNIA
9                                              'ADR

10 CONNIE ARNOLD AND CHRISTINE     CASE NO.  C 03 3502 BZ
   FITZGERALD,
11                                 Civil Rights
            Plaintiffs,
12                                 **COMPLAINT FOR INJUNCTIVE RELIEF
   v.                              AND DAMAGES:** DENIAL OF CIVIL
13                                 RIGHTS OF A DISABLED PERSON IN
   JOHNNY ROCKETS RESTAURANT;      VIOLATION OF THE AMERICANS WITH
14 J.R. WEST, INC.; THE CITY OF    DISABILITIES ACT, AND IN
   SAN JOSE; THE CITY OF SAN       VIOLATION OF CALIFORNIA'S
15 JOSE REDEVELOPMENT AGENCY;      DISABLED RIGHTS STATUTES
   PRIVATE ENTITY DOES 1 through
16 25, and GOVERNMENT ENTITY       **DEMAND FOR JURY TRIAL**
   DOES 26 through 50,
17 Inclusive,                      [Proper Intradistrict
                                   Assignment Under Civil L.R.
18          Defendants.            3-2(e): San Jose]

19 _____/

20      Plaintiffs CONNIE ARNOLD AND CHRISTINE FITZGERALD, on

21 behalf of themselves and other similarly situated disabled

22 persons, hereby complain of defendants JOHNNY ROCKETS

23 RESTAURANT; J.R. WEST, INC., a California Corporation; THE CITY

24 OF SAN JOSE; THE CITY OF SAN JOSE REDEVELOPMENT AGENCY; PRIVATE

25 ENTITY DOES 1 through 25, and GOVERNMENT ENTITY DOES 26 through

26 50, Inclusive (hereafter "defendants"), and demands a trial by

27 jury, and alleges as follows:

28 ////

**Thimesch Law Offices**
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages

1    **INTRODUCTION**

2        1.   This action concerns the Johnny Rocket's located

3    at or near 150 South First Street, San Jose, California.  The

4    restaurant is totally inaccessible to disabled persons,

5    including plaintiffs Connie Arnold and Christine Fitzgerald.

6    Not a single table in this restaurant is accessible.  All tables

7    leave the disabled user sitting in the access aisle, and none of

8    the tables affords the user a place to seat with another

9    disabled companion.  Further, there are no accessible seating

10   spaces at the dining counter, and all condiments and Juke Box

11   controls in the restaurant are located totally out of reach.

12       2.   This is a clearly new facility.  Thus, the new

13   construction alterations carried out to create this facility

14   triggered access requirements under California law, as well as

15   under the requirements of the Americans With Disabilities Act of

16   1990.  As described hereinbelow, plaintiffs seek injunctive

17   relief to require that the subject Johnny Rocket's which they

18   visited and were unable to enter and use on a full and equal

19   basis, be made accessible to disabled persons to meet the

20   requirements of both California law and the Americans With

21   Disabilities Act of 1990.  Plaintiffs also seek damages for

22   violation of their Civil Rights, from the day that they visited

23   this Johnny Rocket's until such date as defendants bring its

24   public facilities into full compliance with the requirements of

25   California and federal law.

26

27   **JURISDICTION AND VENUE**

28       3.   This Court has jurisdiction of this action

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 2 —

1   pursuant to 28 U.S.C. 1331 for violations of the Americans with

2   Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.*  Pursuant to

3   pendant jurisdiction, attendant and related causes of action,

4   arising from the same facts, are also brought under California

5   law, including but not limited to violations of California

6   Health & Safety Code Sections 19955 *et seq.*, including Section

7   19959; Title 24 California Code of Regulations; and California

8   Civil Code Sections 54 and 54.1 *et seq.*

9        4.   Venue is proper in this court pursuant to

10  28 U.S.C. 1391(b) and is founded on the fact that the real

11  property which is the subject of this action is located in this

12  district and that plaintiffs' causes of action arose in this

13  district.

14       5.   **Intradistrict Jurisdiction.**  Under Civil Local

15  Rule 3-2(e), this case should be assigned to the San Jose

16  intradistrict as the real property that is the subject of this

17  action is located in the San Jose intradistrict and plaintiffs'

18  causes of action arose in the San Jose intradistrict (a property

19  located in Santa Clara County).

20

21  **PARTIES**

22       6.   Plaintiffs Connie Arnold and Christine Fitzgerald

23  each qualify as a "physically handicapped" or "physically

24  disabled" person, as they each require the use of a wheelchair

25  for mobility.  Plaintiffs are informed and believes that each of

26  the defendants herein, including DOES 1 through 50, Inclusive,

27  is the owner, constructive owner, beneficial owner, trust,

28  trustee, agent, ostensible agent, alter ego, master, servant,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                      — 3 —

1    employer, employee, representative, franchiser, franchisee,

2    joint venturer, partner, associate, parent company, subsidiary,

3    department, representative, or such similar capacity, of each of

4    the other defendants, and was at all times acting and

5    performing, or failing to act or perform, within the course and

6    scope of his, her or its authority as owner, constructive owner,

7    beneficial owner, agent, trust, trustee, ostensible agent, alter

8    ego, master, servant, employer, employee, representative,

9    franchiser, franchisee, joint venturer, partner, associate,

10   parent company, subsidiary, department, representative, or such

11   similar capacity, and with the authorization, consent,

12   permission or ratification of each of the other defendants, and

13   is responsible in some manner for the acts and omissions of the

14   other defendants in proximately causing the violations and

15   damages complained of herein, and have approved or ratified each

16   of the acts or omissions of each other defendant, as herein

17   described.  Connie Arnold and Christine Fitzgerald will seek

18   leave to amend when the true names, capacities, connections, and

19   responsibilities of defendants JOHNNY ROCKETS RESTAURANT; J.R.

20   WEST, INC.; THE CITY OF SAN JOSE; THE CITY OF SAN JOSE

21   REDEVELOPMENT AGENCY; PRIVATE ENTITY DOES 1 through 25, and

22   GOVERNMENT ENTITY DOES 26 through 50, Inclusive, are

23   ascertained.

24        7.   Unless otherwise specified within specific causes

25   of action, references to "DEFENDANTS," shall be deemed to refer

26   to all defendants and each of them; references to "PRIVATE

27   ENTITY DEFENDANTS" shall mean defendants JOHNNY ROCKETS

28   RESTAURANT; J.R. WEST, INC.; and PRIVATE ENTITY DOES 1 through

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 4 —

1  25; and references to "GOVERNMENTAL DEFENDANTS" shall mean

2  defendants CITY OF SAN JOSE; THE CITY OF SAN JOSE REDEVELOPMENT

3  AGENCY; and GOVERNMENT ENTITY DOES 26 through 50, Inclusive,

4  which shall include agents of the governmental defendants.

5          8.   Plaintiff alleges on information and belief that

6  at all relevant times, defendants JOHNNY ROCKETS RESTAURANT;

7  J.R. WEST, INC.; THE CITY OF SAN JOSE; THE CITY OF SAN JOSE

8  REDEVELOPMENT AGENCY; PRIVATE ENTITY DOES 1 through 25, and

9  GOVERNMENT ENTITY DOES 26 through 50, Inclusive, were and are

10  the owners, operators, lessors and/or lessees of the public

11  accommodation located at or near Assessor's Parcel Number 467-

12  22-131, also know as Johnny Rocket's, located at or near 150

13  South First Street, San Jose, California.

14          9.   The facilities of this business, including its

15  dining tables, service counters, condiments, Juke Box controls,

16  public restrooms, and other amenities, and other public

17  facilities and amenities are each a "public accommodation or

18  facility" subject to the requirements of California Health &

19  Safety Code Sections 19955 et seq. and of the California Civil

20  Code Sections 54, 54.1, and 54.3.  At all times relevant to this

21  complaint, defendants have held these facilities open to public

22  use.  Such facilities also constitute "public accommodations" or

23  "commercial facilities" subject to the requirements of Sections

24  302 and 303 of the Americans with Disabilities Act of 1990.

25

26  **FACTUAL STATEMENT**

27          10.  Defendants are required by law to provide

28  accessible facilities on each occasion that "alterations,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 5 —

1   structural repairs or additions" were performed to such

2   facilities pursuant to legal standards then in effect, per

3   Section 19959 of the Health & Safety Code, and under Section 303

4   of the Americans With Disabilities Act (which governs "new

5   construction" and "alterations").

6       11.   On information and belief, each such facility

7   has, since July 1, 1970, been newly constructed, and/or

8   undergone "alterations, structural repairs, and additions," each

9   of which has subjected the Johnny Rocket's and its public

10  facilities to disabled access requirements of Section 19959

11  Health & Safety Code, Title 24 of the California Code of

12  Regulations, and/or, for such work occurring since January 26,

13  1992, to the requirements of Section 303 of the Americans With

14  Disabilities Act.

15      12.   Ms. Fitzgerald is a resident of the San Jose

16  Area.  On or about October 3, 2002, Ms. Arnold came to visit Ms.

17  Fitzgerald.  The two planned to run errands together.  That

18  early afternoon, the two visited the subject Johnny Rocket's for

19  purposes of purchasing a meal.  As soon as plaintiffs went

20  inside, they noticed that the restaurant seating appeared to be

21  comprised of only booths and high tables.  Ms. Arnold asked the

22  taller waiter who greeted them if there were any tables they

23  could sit together at and he said they could sit at a large U-

24  shaped booth directly next to them at the front of the

25  restaurant.  It was a split table where they had to sit at a

26  cramped angle using the front and side corner.  This was the

27  only and "best" seating option inside the restaurant as the

28  facility did not have any "accessible" low tables with pull-out

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages            — 6 —

1   chairs.

2       13.   On information and belief, the restaurant is

3   comprised of approximately 15 booth tables and 10 high tables

4   (five near the front window area and five to the right side of

5   the main entrance around the corner from where plaintiffs sat),

6   and a high bar-type dining counter.  The dining counter had

7   stationary seats that could not be removed, and were adjacent to

8   a footstep/barrier.  No portion of this three-sided counter had

9   a lower section with the required clear space.   The booth

10   tables and dining counter had Music Juke Box controls for

11   customers that were out of reach and unusable to plaintiffs or

12   anyone in a wheelchair.

13       14.   When the taller waiter saw the difficulty the two

14   plaintiffs had attempting to sit next to the narrow end of the

15   recommended booth, he suggested that they "should sit outside"

16   on the restaurant's patio where tables were provided.  It was an

17   especially warm day and the plaintiffs declined.  The waiter

18   then suggested "you can look around."   Ms. Arnold peered around

19   the corner and immediately discerned that the seating situation

20   was uniform throughout the restaurant.  The two resigned

21   themselves to the U-shaped booth.

22       15.   To get close to the booth end, Ms. Fitzgerald was

23   required to remove the metal napkin holder at the end of the

24   table.  She was not able to pull in fully because her footrests

25   bumped into the booth seat to the right and Connie's wheelchair

26   was angled at the left corner of the booth table.  Both

27   plaintiffs were embarrassed sticking out into the main aisle and

28   door landing, and felt the situation created a hazard for

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 7 —

1   themselves and others maneuvering through the area.  They were

2   totally separated from the Juke Box controls at the far end of

3   the table, which were supposed to be part of the unique dining

4   experience offered by Johnny Rockets.

5        16.   Near the conclusion of their meal, Ms. Arnold

6   needed to use the restroom.  Because of her condition and the

7   shortness of her reach, she had a difficult time trying to reach

8   the higher than normal lever door handle.  The door was too

9   heavy to open, and plaintiff was required to seek the assistance

10  of a nearby male employee.  Inside, plaintiff found that the

11  toilet seat cover dispenser had been located behind and above

12  the grab bar at the back of the toilet.  Consequently, she

13  struggled in her attempt to reach the dispenser, but could not

14  and struck herself against the toilet seat and pulled a muscle

15  in her left arm.  In the process, she suffered a partial

16  accident and soiled herself.

17       17.   On information and belief, other bathroom

18  barriers causing Ms. Arnold difficulty were the location of the

19  sanitary napkin dispenser, the mirror height, and the location

20  of the soap dispenser.

21       18.   Ms. Fitzgerald also suffered difficulty and pain

22  in attempting to make use of the public women's restroom at

23  Johnny Rockets.  She requires the use of the back grab bar.

24  However, she was unable to safely use it because it was blocked

25  by the seat cover dispenser and its sharp-edged corners.

26  Because she is blind in her right eye, she could not see behind

27  her to tell where her hand was.  She hit her hand on the corner

28  of the dispenser in reaching back for the grab bar and hurt her

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 8 —

1   hand.  Also, because of this positioning, she was unable to
2   reach and use the seat covers themselves.

3        19.  Ms. Fitzgerald was also not able to get close to
4   the sink because her footrests where obstructed by a bucket that
5   the restaurant stored under the sink.  She was also unable to
6   use the soap dispenser since it was at the backside of the
7   sink/basin on the right and the metal trash receptacle/paper
8   towel dispenser, which stuck out from the wall, blocked access
9   to the sink and soap dispenser access.

10       20.  On information and belief, other barriers to
11  disabled access at the Johnny Rocket's that affected plaintiff
12  during his use of the restaurant and/or which defendants were
13  required to remove under state and federal law continue to
14  exist, and include, but are not limited to, an inaccessible
15  entrance including the door pressure, inaccessible service
16  counter facilities, inaccessible dining facilities, inaccessible
17  turning circle within the bathrooms, and the alternative men's
18  restroom facilities, which are also inaccessible, all to
19  plaintiffs' damage.

20       21.  As a result of defendants' denial of legally
21  required access to disabled persons and the lack of access on
22  such occasion when plaintiffs attempted to use the Johnny
23  Rocket's, plaintiffs suffered a loss of their Civil Rights and
24  their right to full and equal access to public facilities,
25  suffered severe physical strain and exhaustion from attempting
26  to negotiate barriers, suffered severe physical pain and
27  discomfort, were humiliated and suffered mental and emotional
28  distress and statutory damages, all to their damages as prayed

**Thimesch Law Offices**
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

**Complaint for Injunctive Relief and Damages**                    — 9 —

1   hereinafter in an amount with the jurisdiction of this court.

2        22.   Defendants' denial of access has caused

3   plaintiffs to suffer physical, psychological, and emotional

4   injuries, including but not limited to humiliation, frustration

5   and anger, and deprived their independence, self-sufficiency and

6   autonomy.   Plaintiffs would like to return and use the subject

7   Johnny Rocket's on a spontaneous, but full and equal basis.

8   However, they are prevented from doing so by defendants' failure

9   and refusal to provide disabled persons like plaintiffs with

10  "full and equal access" to the Johnny Rocket's facilities.

11  Defendants' actions and omissions have caused plaintiffs

12  physical, mental and emotional distress, and violation of their

13  Civil Rights, all to their damages.

14       23.   On information and belief, a number of facilities

15  in the building have been remodeled during the statutory period

16  since July 1, 1970, triggering accessible "path of travel"

17  requirements to each area of alteration, which includes, but is

18  not limited to, accessible public sanitary facilities and a path

19  of travel, complying with ADA and Title 24 standards.   On

20  information and belief, defendants have not complied with these

21  legal obligations.

22       24.   The "removal" of each of these barriers to use by

23  disabled persons was "readily achievable" under the standards of

24  Section 301(9) of the Americans With Disabilities Act of 1990

25  [42 U.S.C. 12181] at all times herein relevant.   Section 303 of

26  the ADA [42 U.S.C. 12183] and California law also required the

27  removal of all such barriers upon performance of "alterations."

28       25.   On information and belief, defendants continue to

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages        — 10 —

1   the present date to deny "full and equal access" to plaintiffs

2   and to all other disabled persons, in violation of California

3   law, including Health & Safety Code Sections 19955 *et seq.*,

4   Civil Code Sections 54 and 54.1, and Title 24 of the California

5   Code of Regulations (a.k.a. California Building Code).  Further,

6   such denial of access to disabled persons also violates the

7   requirements of Title III of the federal Americans With

8   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

9   §§ 12181 et seq.] (Hereinafter also called the "ADA").

10

11                    **FIRST CAUSE OF ACTION:**
    **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

12              **(Against the Private Entity Defendants)**

13

14          26.  Plaintiffs replead and incorporate by reference,

15   as if fully set forth again herein, the allegations contained in

16   paragraphs 1 through 25, above.

17          27.  Plaintiffs Connie Arnold and Christine Fitzgerald

18   were and are at all times relative to this complaint "physically

19   disabled" or "physically handicapped" under the standards as

20   defined by all California statutes using these terms.

21   Plaintiffs Connie Arnold and Christine Fitzgerald are also each

22   an "individual with a disability" as defined by Section 54(b)

23   Civil Code, as well as Section 3(2) of the ADA.  Each violation

24   of the ADA, as plead hereinafter, is incorporated by reference

25   as a separate violation of Sections 54(c) and 54.1(d) California

26   Civil Code.

27          28.  Health & Safety Code Section 19955 provides in

28   pertinent part:

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                     — 11 —

(a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

29.  Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

30.  Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the subject Johnny Rocket's were constructed and/or altered after July 1, 1970, and portions of the subject building were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970.  Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

31.  Pursuant to the authority delegated by Government Code Section 4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions.  Effective January 1, 1982, Title 24 of the California Administrative Code

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 12 —

1  adopted the California State Architect's Regulations and these

2  regulations must be complied with as to any modifications of the

3  subject building and its facilities occurring after that date.

4  Any alterations of the building after January 1, 1982 required

5  compliance with the Title 24 regulations then in effect,

6  including that an accessible path of travel leading to such

7  facility from the adjoining public right of way.  Prior to 1982,

8  similar requirements were incorporated into the law from the

9  American Standards Association.  On information and belief, one

10  or more of the constructions of and alterations upon and

11  modifications of the subject facilities occurred during the

12  period of time that sections of the Health and Safety Code have

13  provided that all buildings and facilities used by the public

14  must conform to each of the standards and specifications

15  described in the American Standards Association Specifications,

16  and as to alterations occurring after January 1, 1982, to the

17  standards of Title 24, the State Architect's Regulations.

18      32.   Plaintiffs Connie Arnold and Christine Fitzgerald

19  are informed and believe and therefore allege that defendants,

20  and their predecessors in interest as owners, operators and/or

21  lessors of the subject public accommodation (for which the

22  defendants as current owners, operators and/or lessors of the

23  building are responsible), and each of them caused the subject

24  property to be constructed, altered and maintained in such a

25  manner that physically disabled persons were denied full and

26  equal access to, within and throughout said facilities, and full

27  and equal use of said building.  Further, on information and

28  belief, defendants and each of them have continued to maintain

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 13 —

1  and operate such building and its facilities in such condition

2  up to the present time, despite actual and constructive notice

3  to such defendants, and each of them, that the configuration of

4  the building was in violation of the Civil Rights of disabled

5  persons, such as plaintiffs Connie Arnold and Christine

6  Fitzgerald.  Such construction, modification, ownership,

7  operation, maintenance and practices of such a public facility

8  is in violation of law as stated in Part 5.5, Sections 19955ff

9  Health and Safety Code, Sections 54 and 54.1, et seq., Civil

10  Code, and elsewhere in the laws of California.

11      33.  On information and belief, the subject building

12  and the defendants and each of them have denied full and equal

13  access to disabled persons in other respects due to non-

14  compliance with requirements of Title 24 of the California Code

15  of Regulations, and of other provisions of disabled access legal

16  requirements.  Additionally, maintaining the barriers specified

17  in this complaint is independently a violation of both Title 24

18  of the California Building Code, and of Sections 54 and 54.1

19  Civil Code and their guarantee of "full and equal" access to all

20  public facilities (as pled in the second cause of action, and

21  also repled and incorporated herein by reference, as if fully

22  restated hereafter), in conjunction with Section 19955ff, per

23  <u>James Donald v. Cafe Royalé</u> (1990) 218 Cal.App.3d 168.

24      34.  Injunctive Relief - The acts and omissions of

25  defendants as complained of continue on a day-to-day basis to

26  have the effect of allowing defendants to wrongfully exclude

27  Connie Arnold and Christine Fitzgerald, and other similarly

28  situated members of the public who are physically disabled, from

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages        — 14 —

1   full and equal access to the subject Johnny Rocket's. Such acts

2   and omissions are the continuing cause of humiliation and mental

3   and emotional suffering to Connie Arnold and Christine

4   Fitzgerald and other similarly situated persons in that these

5   actions treat them as inferior and second class citizens and

6   serve to discriminate against them, so long as defendants do not

7   provide a properly accessible, safe and equal use of such

8   facilities. Said acts have proximately caused and will continue

9   to cause irreparable injury to Connie Arnold and Christine

10  Fitzgerald and other similarly situated persons if not enjoined

11  by this court.

12      35. Plaintiffs seek injunctive relief, pursuant to

13  Section 19953 Health and Safety Code and Section 55 Civil Code,

14  prohibiting those of the defendants that currently own, operate,

15  and/or lease (from or to) the subject Johnny Rocket's, from

16  maintaining architectural barriers to the use by disabled

17  persons of public accommodations and facilities, in violation of

18  Part 5.5, Sections 19955ff Health and Safety Code. Plaintiffs

19  seek to require such defendants to create safe and properly

20  accessible facilities.

21      36. Attorneys' Fees - As a result of defendants' acts

22  and omissions in this regard, plaintiffs have been required to

23  incur legal expenses and hire attorneys in order to enforce

24  plaintiffs' rights and that of other similarly situated persons,

25  and to enforce provisions of the law protecting access for the

26  disabled, and prohibiting discrimination against the disabled,

27  and to take such action both in their own interest and in order

28  to enforce an important right affecting the public interest.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                     — 15 —

1   Plaintiffs therefore seek recovery of all reasonable attorneys'

2   fees, litigation expenses and costs incurred, pursuant to the

3   provisions of Section 1021.5 of the Code of Civil Procedure.

4   Plaintiffs additionally seek attorneys' fees and costs pursuant

5   to Section 19953 Health and Safety Code.

6            WHEREFORE, plaintiffs pray for relief as hereinafter

7   stated.

8

9                        **SECOND CAUSE OF ACTION:**
                    **VIOLATION OF DISABLED RIGHTS ACT,**
10               **CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**
     **DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**
11
             **(Against the Private and Public Entity Defendants)**
12

13           37.  Plaintiffs replead and incorporate, as if fully

14  set forth again herein, the allegations contained in paragraphs

15  1 through 36, above.

16           38.  At all times relevant to this action, California

17  Civil Code Sections 54 and 54.1 have provided that physically

18  disabled persons are not to be discriminated against because of

19  physical handicap or disability.  Section 54 Civil Code

20  provides:

21           Individuals with disabilities shall have the same
             right as the general public to the full and free use of the
22           streets, highways, sidewalks, walkways, public buildings,
             public facilities, including hospitals, clinics, and
23           physicians' offices, public facilities, and other public
             places.
24

25  Section 54.1 Civil Code provides that:

26           (a)(1) Individuals with disabilities shall be entitled
             to full and equal access, as other members of the general
27           public, to accommodations, advantages, facilities, medical
             facilities...  and privileges of all common carriers,
28           airplanes, motor vehicles... or any other public

Thimesh Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

conveyances or modes of transportation...  hotels, lodging
places, places of public accommodation and amusement or
resort, and other places to which the general public is
invited, subject only to the conditions or limitations
established by law, or state or federal regulations, and
applicable alike to all other persons.

39.  California Civil Code Section 54.3 provides that
any person or corporation who denies or interferes with
admittance to or enjoyment of the public facilities as specified
in Section 54 and 54.1 Civil Code is liable for EACH such
offense for the actual damages and any amount up to a maximum of
three times the amount of actual damages but in no case less
than $1,000 and such attorneys' fees that may be determined by
the Court in addition thereto, suffered by any person denied any
of the rights provided in Sections 54 and 54.1, for services
necessary to enforce those rights.

40.  As a result of the refusal by defendants and each
of them to comply with statutory requirements or otherwise
provide reasonable access for disabled persons to the subject
public facilities, plaintiffs Connie Arnold and Christine
Fitzgerald, and other similarly situated persons, were denied
and continue to be denied their rights to full and equal access
to, and use of, public facilities, and were and continue to be
discriminated against on the sole basis that they are physically
disabled and unable to make full and equal use of the
facilities.  Defendants' acts have caused plaintiffs physical
and psychological injury and pain, including fatigue, stress and
strain in attempts to negotiate barriers, and emotional distress
and general damages.

41.  Plaintiffs are each a person within the meaning

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages      — 17 —

1  of Civil Code Sections 54 and 54.1 whose rights have been

2  infringed upon and violated by the defendants.  Plaintiffs have

3  been denied full and equal access on a day-to-day basis since

4  their initial visit of on or about October 3, 2002, on each day

5  in which full and equal access to such facility was denied and

6  continuously deterred.  On information and belief, defendants

7  have failed to act to provide full and equal public access to

8  their subject Johnny Rocket's, and continue to operate in

9  violation of the law and continue to discriminate against

10  physically disabled persons by failing to allow access to their

11  building, and make reasonable modifications in policy respecting

12  servicing the disabled who cannot enter or use facilities on a

13  full and equal basis.

14        42.  At all times since plaintiffs' initial visit to

15  the subject Johnny Rocket's of on or about October 3, 2002, and

16  on information and belief for periods prior to this date,

17  defendants were on notice of the requirements of the law

18  relating to provision for full and equal disabled access.

19  Especially as defendants were on full notice, each day that

20  defendants have continued to deny access to disabled persons

21  constitutes a new and distinct violation of plaintiffs' right to

22  full and equal access to this public facility, in violation of

23  Sections 54 and 54.1, et seq. Civil Code.  In the event of a

24  default judgment against any particular defendant, plaintiffs

25  will seek an injunction requiring provision of accessible dining

26  tables, service counters, condiments, Juke Box controls, public

27  restrooms, and other amenities (all as identified in paragraphs

28  12 through 20), plus as to the private entity defendants daily

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 18 —

1   damages of $1,000 per day from the date of plaintiffs' visit to

2   the subject Johnny Rocket's on or about October 3, 2002, plus

3   (as to all defendants) reasonable attorneys' fees, litigation

4   expenses and costs as set by the court, until it is brought into

5   full compliance with state and federal access laws protecting

6   the rights of the disabled.

7        43.   Further, any violation of the Americans With

8   Disabilities Act of 1990 (as pled in the Third Cause of Action

9   hereinbelow, the contents of which are repled and incorporated

10  herein, word for word, as if separately repled), also

11  constitutes a violation of Section 54(c) and Section 54.1(d)

12  California Civil Code, thus independently justifying an award of

13  damages (against the private entity defendants) and injunctive

14  relief pursuant to California law on this basis, including but

15  not limited to Civil Code Sections 54.3 and 55.

16       44.   Punitive Damages, § 3294 Civil Code - The actions

17  of the private entity defendants, and each of them, over the

18  period of time prior to and since the dates of plaintiffs' visit

19  of on or about October 3, 2002, have been despicable and

20  willful, and done in conscious disregard and complete

21  indifference of the rights of disabled persons and of the

22  public, and have been oppressive, and have evidenced actual or

23  implied malicious intent toward those members of the public such

24  as plaintiffs, who, without justification, and in violation of

25  the law, have been denied full and equal access to this public

26  facility.  Plaintiffs pray for an award of punitive damages

27  against said defendants and each of them pursuant to Section

28  3294 Civil Code in an amount sufficient to make a profound

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 19 —

1    example of defendants and discourage others from discrimination

2    and/or the conscious disregard for the rights and safety of

3    disabled persons.  Plaintiffs do not know the financial worth of

4    such defendants or the amount of punitive damages sufficient to

5    accomplish the public purposes of Section 3294 Civil Code and

6    seeks appropriate damages according to proof.

7            45.  As a further basis for punitive damages,

8    plaintiffs allege that the private entity defendants either

9    ignored, or failed to act upon, specific complaints made to

10   defendants, and plaintiffs are further informed and believes

11   that prior to their visit pled above, and after such visit, the

12   private entity defendants, and each of them, had been notified

13   that disabled persons had complained of and/or previously

14   suffered similar denials of full and equal access, similar to

15   that complained of herein.  Despite being informed of such

16   effect on disabled persons and the manner in which their

17   practices and lack of accessible facilities would continue to

18   discriminate against disabled persons on a day-by-day basis,

19   said defendants knowingly and willfully failed to provide

20   disabled accessible facilities and services, and have refused to

21   act to rectify this situation and provide full and equal access

22   for disabled persons up to the date of the filing of this

23   Complaint.  Said conduct with knowledge of the effect it was

24   having on physically disabled persons constituted and continues

25   to constitute intentional and/or despicable conduct in willful

26   and conscious disregard of the rights of plaintiffs and of other

27   similarly situated disabled persons, justifying the imposition

28   of punitive and exemplary damages per Section 3294 Civil Code.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                              — 20 —

46.   Plaintiffs have been damaged by defendants'
wrongful conduct and seeks the relief that is afforded by
Sections 54.1, 54.3 and 55 of the Civil Code.  Plaintiffs seek
actual damages, and statutory and treble damages against the
private entity defendants for all periods of time mentioned
herein, as well as, punitive damages.  As to those of the
defendants that currently own, operate, and/or lease (from or
to) the subject Johnny Rocket's, including both the private and
public entity defendants, plaintiffs seek preliminary and
permanent injunctive relief to enjoin and eliminate the
discriminatory practices and barriers that deny equal access for
disabled persons, and for reasonable attorneys' fees.

47.   WHEREFORE, plaintiffs ask this Court to enjoin
any continuing refusal by the defendants that currently own,
operate, and or lease (from or to) the subject Johnny Rocket's,
to grant such access to plaintiffs and other similarly situated
disabled persons, or alternatively to enjoin operation of the
subject Johnny Rocket's as a public accommodation until such
defendants comply with all applicable statutory requirements
relating to access to physically disabled persons, and that the
Court award plaintiffs their reasonable statutory attorneys'
fees, litigation expenses and costs pursuant to Civil Code
Section 55, Code of Civil Procedure Section 1021.5, and Health &
Safety Code Section 19953, and as further prayed for herein.

WHEREFORE, plaintiffs pray for damages and injunctive
relief as hereinafter stated.

////

////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 21 —

**THIRD CAUSE OF ACTION:**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101ff**

**(Against the Private Entity Defendants)**

48.   Plaintiffs replead and incorporate, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 47, above.

49.   Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

50.   Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

It is the purpose of this act —

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages

1      <u>standards</u> addressing discrimination against individuals
with disabilities;

2

      (3) to ensure that the Federal government plays a
3      central role in enforcing the standards established in this
act on behalf of individuals with disabilities; and

4

      (4) to invoke the sweep of Congressional authority,
5      including the power to enforce the 14th Amendment and to
regulate commerce, in order to <u>address the major areas of</u>
6      <u>discrimination faced day to day by people with</u>
<u>disabilities</u>.  (Emphasis added)

7

8      51.  As part of the Americans with Disabilities Act,

9  Public Law 101-336, (hereinafter the "ADA"), Congress passed

10  "Title III - Public Accommodations and Services Operated by

11  Private Entities" (42 U.S.C 12181ff).  Among "private entities"

12  which are considered "public accommodations" for purposes of

13  this title are "a restaurant, bar, or other establishment

14  serving food or drink"  (§ 301(7)(B) [42 U.S.C. 12181].)

15      52.  Pursuant to Section 302 [42 U.S.C 12182], "[n]o

16  individual shall be discriminated against on the basis of

17  disability in the full and equal enjoyment of the goods,

18  services, facilities, privileges, advantages, or accommodations

19  of any place of public accommodation by any person who owns,

20  leases, or leases to, or operates a place of public

21  accommodation."

22      53.  Among the general prohibitions of discrimination

23  included in Section 302(b)(1)(A) are the following:

24      § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It
shall be discriminatory to subject an individual or class
25      of individuals on the basis of a disability or disabilities
of such individual or class, directly, or through
26      contractual, licensing, or other arrangements, to a denial
of the opportunity of the individual or class to
27      participate in or benefit from the goods, services,
facilities, privileges, advantages, or accommodations of an
28      entity."

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages      — 23 —

1    § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT —
     It shall be discriminatory to afford an individual or class
2    of individuals, on the basis of a disability or disabilities
     of such individual or class, directly, or through
3    contractual, licensing, or other arrangements with the
     opportunity to participate in or benefit from a good,
4    service, facility, privilege, advantage, or accommodation
     that is not equal to that afforded to other individuals."

5
     § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be
6    discriminatory to provide an individual or class of
     individuals, on the basis of a disability or disabilities
7    of such individual or class, directly, or through
     contractual, licensing, or other arrangements with a good,
8    service, facility, privilege, advantage, or accommodation
     that is different or separate from that provided to other
9    individuals, unless such action is necessary to provide the
     individual or class of individuals with a good, service,
10   facility, privilege, advantage, or accommodation, or other
     opportunity that is as effective as that provided to
11   others."

12       54.   Among the specific prohibitions against

13   discrimination in the ADA include the following:

14       § 302(b)(2)(A)(ii): "A failure to make reasonable
     modifications in policies, practices or procedures when
15   such modifications are necessary to afford such goods,
     services, facilities, privileges, advantages or
16   accommodations to individuals with disabilities..."

17       § 302(b)(2)(A)(iii): "A failure to take such steps as
     may be necessary to ensure that no individual with a
18   disability is excluded, denied services, segregated or
     otherwise treated differently than other individuals
19   because of the absence of auxiliary aids and services,
     unless the entity can demonstrate that taking such steps
20   would fundamentally alter the nature of the good, service,
     facility, privilege, advantage, or accommodation being
21   offered or would result in an undue burden;"

22       § 302(b)(2)(A)(iv): "A failure to remove architectural
     barriers, and communication barriers that are structural in
23   nature, in existing facilities...  where such removal is
     readily achievable;"

24
         § 302(b)(2)(A)(v): "Where an entity can demonstrate
25   that the removal of a barrier under clause (iv) is not
     readily achievable, a failure to make such goods, services,
26   facilities, privileges, advantages, or accommodations
     available through alternative methods if such methods are
27   readily achievable."  The acts and omissions of defendants
     set forth herein were in violation of plaintiff's rights
28   under the ADA, Public Law 101-336, and the regulations

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 24 —

1    promulgated thereunder, 28 CFR Part 36ff.

2    55.  The removal of <u>each</u> of the barriers complained of

3    by plaintiffs Connie Arnold and Christine Fitzgerald as

4    hereinabove alleged (i.e., in paragraphs 12 through 20, above)

5    were — at all times on or after January 26, 1992 — "readily

6    achievable."

7    56.  Further, at all times herein mentioned,

8    modification of or removal of these barriers was "readily

9    achievable" under the factors specified in the Americans with

10   Disabilities Act of 1990, including but not limited to

11   section 301(9) [42 U.S.C. 12181], and the Regulations adopted

12   thereto.

13   57.  Further, if defendants are collectively able to

14   "demonstrate" that it was not "readily achievable" for

15   defendants to remove each of such barriers, defendants have

16   failed to make the required services available through

17   alternative methods which were readily achievable, as required

18   by Section 302 of the ADA [42 U.S.C. 12182].

19   58.  "Discrimination" is further defined under

20   Section 303(a)(2) of the ADA, for a facility or part thereof

21   that was altered after the effective date of Section 303 of the

22   ADA in such a manner as to affect or that could affect the

23   usability of the facility or part thereof by persons with

24   disabilities, to include per Section 303(a)(2) [42 U.S.C.

25   12183], "a failure to make alterations in such a manner that, to

26   the maximum extent feasible, the altered portions of the

27   facility are readily accessible to and usable by individuals

28   with disabilities, including individuals who use wheelchairs."

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages

— 25 —

1   Additionally, for alterations to areas of a facility involving a

2   "primary function," discrimination under the ADA, per Section

3   303(a)(2) (42 U.S.C. 12183), also includes the failure of an

4   entity "to make the alterations in such a manner that, to the

5   maximum extent feasible, the path of travel to the altered area

6   and the bathrooms, telephones, and drinking fountains serving

7   the altered area, are readily accessible to and usable by

8   individuals with disabilities."  On information and belief, the

9   subject building constitutes a "commercial facility," and

10  defendants have, since the date of enactment of the ADA,

11  performed alterations (including alterations to areas of primary

12  function) to the subject building, and its facilities, public

13  accommodations, and commercial facilities, which fail to provide

14  facilities and paths of travel to such areas that are readily

15  accessible to and usable by individuals with disabilities, in

16  violation of Section 303(a)(2), and the regulations promulgated

17  thereunder, 28 CFR Part 36ff.

18        59.   Pursuant to the Americans with Disabilities Act,

19  42 USC 12188ff, Section 308, plaintiff is entitled to the

20  remedies and procedures set forth in Section 204, subsection

21  (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

22  subsection (a)), as plaintiffs are being subjected to

23  discrimination on the basis of disability in violation of this

24  title or has reasonable grounds for believing that he is about

25  to be subjected to discrimination in violation of Sections 302

26  and 303.  On information and belief, defendants have continued

27  to violate the law and deny the rights of plaintiffs and of

28  other disabled persons to access this public accommodation since

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 26 —

1   the visit of plaintiffs Connie Arnold and Christine Fitzgerald

2   on or about October 3, 2002.  Pursuant to Section 308(a)(2),

3   "[i]n cases of violations of Section 302(b)(2)(A)(iv)...

4   injunctive relief shall include an order to alter facilities to

5   make such facilities readily accessible to and usable by

6   individuals with disabilities to the extent required by this

7   title."

8          60.  As a result of defendants' acts and omissions in

9   this regard, plaintiffs have been required to incur legal

10  expenses and attorney fees, as provided by statute, in order to

11  enforce plaintiffs' rights and to enforce provisions of the law

12  protecting access for disabled persons and prohibiting

13  discrimination against disabled persons.  Plaintiffs therefore

14  seek recovery of all reasonable attorneys' fees, litigation

15  expenses (including expert fees) and costs, pursuant to the

16  provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

17  Department of Justice's regulations for enforcement of Title III

18  of the ADA (28 CFR 36.505).  Additionally, plainitffs' lawsuit

19  is intended not only to obtain compensation for damages to

20  plaintiffs, but also to require the defendants to make their

21  facilities accessible to all disabled members of the public,

22  justifying "public interest" attorneys' fees pursuant to the

23  provisions of California Code of Civil Procedure Section 1021.5.

24         WHEREFORE, plaintiffs pray that this Court grant

25  relief as hereinafter stated:

26  ////

27  ////

28  ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 27 —

**FOURTH CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**
**FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

**(Against the Private and Public Entity Defendants)**

61.   Plaintiffs replead and incorporate, as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

62.   Each violation of the Americans With Disabilities Act of 1990, as complained of in the Third Causes of Action hereinabove (the contents of which causes of action have been incorporated herein as if separately repled), is also a violation of section 54(c) and section 54.1(d) California Civil Code, further and independently justifying damages (awarded against the private entity defendants), injunctive relief, and other statutory relief per sections 54.3 and 55 California Civil Code, all as previously pled.

63.   The conduct of the private entity defendants was despicable and done in "conscious disregard" and with "complete indifference" for the rights and safety of plaintiffs and other disabled persons, and the certainty that their rights and safety would be violated.  Therefore, plaintiffs hereby incorporate by reference, as if fully repled hereafter, the punitive damage allegations of paragraphs 44 and 45.

64.   As a result of all defendants' acts and omissions in  this regard, plaintiffs have been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiffs therefore

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1    seek recovery of all reasonable attorneys' fees, litigation

2    expenses (including expert fees) and costs, pursuant to the

3    provisions of Section 55 of the Civil Code.  Additionally,

4    plaintiffs' lawsuit is intended not only to obtain compensation

5    for damages to plaintiffs, but also to require the defendants to

6    make their facilities accessible to all disabled members of the

7    public, justifying "public interest" attorneys' fees pursuant to

8    the provisions of California Code of Civil Procedure Section

9    1021.5.

10         WHEREFORE, plaintiffs pray for damages and injunctive

11   relief as hereinafter stated.

12

13                    **FIFTH CAUSE OF ACTION:**
14   **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**
     **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

15        **(Against the Private and Public Entity Defendants)**

16        65.  Plaintiffs replead and incorporate, as if fully

17   set forth again herein, the allegations contained in paragraphs

18   1 through 64 of this complaint.

19        66.  Each violation of the Americans With Disabilities

20   Act of 1990, as complained of in the Third Causes of Action

21   hereinabove (the contents of which causes of action have been

22   incorporated herein as if separately repled), is also a

23   violation of section 51(f) of the Unruh Civil Rights Act,

24   further and independently justifying damages of $4,000 per

25   offense (against the private entity defendants), injunctive

26   relief, and other statutory relief per sections 52 and common

27   law decision.

28        67.  The conduct of the private entity defendants was

**Thimesch Law Offices**
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

**Complaint for Injunctive Relief and Damages**                — 29 —

1  despicable and done in "conscious disregard" and with "complete

2  indifference" for the rights and safety of plaintiffs and other

3  disabled persons, and the certainty that their rights and safety

4  would be violated. Therefore, plaintiffs hereby incorporate by

5  reference, as if fully repled hereafter, the punitive damage

6  allegations of paragraphs 44 and 45.

7        68. As a result of defendants' acts and omissions in

8  this regard, plaintiffs have been required to incur legal

9  expenses and attorney fees, as provided by statute, in order to

10  enforce plaintiffs' rights and to enforce provisions of the law

11  protecting access for disabled persons and prohibiting

12  discrimination against disabled persons. Plaintiffs therefore

13  seek recovery of all reasonable attorneys' fees, litigation

14  expenses (including expert fees) and costs, pursuant to the

15  provisions of Section 55 of the Civil Code. Additionally,

16  plaintiffs' lawsuit is intended not only to obtain compensation

17  for damages to plaintiffs, but also to require the defendants to

18  make their facilities accessible to all disabled members of the

19  public, justifying "public interest" attorneys' fees pursuant to

20  the provisions of California Code of Civil Procedure Section

21  1021.5.

22        WHEREFORE, plaintiffs pray for damages and injunctive

23  relief as hereinafter stated.

24  ////

25  ////

26  ////

27  ////

28  ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 30 —

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**
**UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**
**PROTECTING THE RIGHTS OF DISABLED PERSONS**

**(Against the Private Entity Defendants)**

69.  Plaintiffs replead and incorporate, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 68 of this complaint.

70.  On a yearly basis, the defendants are engaged in the business of providing diner services and facilities in a "nostalgic atmosphere" at the Johnny Rocket's throughout the year.

71.  Commencing within three years of the date of the original complaint filed in this action, the defendants have committed acts of unfair competition, as defined by Business and Professions Code section 17200, by providing facilities that are inaccessible to the disabled members of the general public, including, but not limited to the acts facilities listed in paragraphs 12 through 20, above, all in violation of standards of sections 54 and 54.1 et seq. Civil Code; Title 24 of the California Administrative Code; sections 4450-4456 Government Code; sections 19952, 19953 and 19955-19959 Health & Safety Code; Title III of the Americans With Disabilities Act of 1990; and the Americans With Disabilities Act Access Guidelines.

72.  The acts and practices of the defendants are likely to continue and therefore will continue to mislead the general public as to the true cost of providing the specified goods and services and their expected availability to members of the public with physical disabilities pursuant to law.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages

— 31 —

73. As a direct and proximate result of the defendants' conduct, defendants have received and continue to receive unfair profits that rightfully belong to members of general public who have been adversely affected by defendants' conduct, such as plaintiffs.

74. Plaintiffs have no adequate remedy at law, and unless the relief requested herein is granted, plaintiffs will suffer irreparable harm in that Johnny Rocket's which they will continue to be discriminated against and denied access to the specified public facilities. Because plaintiffs seek improvement of access for persons with disabilities, which will benefit a significant portion of the public, plaintiffs seek recovery of reasonable attorneys' fees pursuant to sections 52, 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure, section 19953 Health & Safety Code, and section 505 of the Americans with Disabilities Act.

75. Defendants' conduct was despicable and done in "conscious disregard" and with "complete indifference" for the rights and safety of plaintiffs and other disabled persons, and the certainty that their rights and safety would be violated. Therefore, plaintiffs hereby incorporate by reference, as if fully repled hereafter, the punitive damage allegations of paragraphs 44 and 45.

Wherefore, plaintiffs pray that the court grant relief as requested hereinbelow.

////

////

////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

**SEVENTH CAUSE OF ACTION:**
**VIOLATION OF GOVERNMENT CODE SECTION 12948**

**(Against the Private and Public Entity Defendants)**

76.   Plaintiffs replead and incorporate, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 75 of this complaint.

77.   Defendants' actions are in violation of Government Code Section 12948, and the corresponding Civil Code Sections 51, 54, and 54.1.

78.   Under the FEHA, plaintiffs seek injunctive relief and attorneys fees (as against all defendants), and statutory and compensatory damages, and punitive damages (as against the private entity defendants).

Wherefore, plaintiffs pray that the court grant relief as requested hereinbelow.


**EIGHTH CAUSE OF ACTION:**
**NEGLIGENCE PER SE IN INJURING PLAINTIFFS DUE TO VIOLATIONS OF STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE INDIFFERENCE TO THE CERTAIN RESULT**

**(Against the Private Entity Defendants)**

79.   Plaintiffs replead and incorporate, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 78 of this complaint.

80.   Plaintiffs incorporate by reference all prayers for relief related to Plaintiffs' damages.

81.   Defendants' actions, as previously pled, constitute negligence per se, as they constitute violations of state and federal laws protecting the rights and safety of

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                        — 33 —

1   disabled persons such as Plaintiffs.

2       82.  Defendants' conduct was despicable and done in

3   "conscious disregard" and with "complete indifference" for the

4   rights and safety of plaintiffs and other disabled persons, and

5   the certainty that their rights and safety would be violated.

6   Therefore, plaintiffs hereby incorporate by reference, as if

7   fully repled hereafter, the punitive damage allegations of

8   paragraphs 44 and 45.

9       Wherefore, plaintiffs pray that the court grant relief

10  as requested hereinbelow.

11

12              **NINTH CAUSE OF ACTION**
                **DISCRIMINATION IN VIOLATION OF TITLE II**
13          **OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

14          **(Applicable to All Governmental Entity Defendants)**

15      83.  Plaintiffs replead and incorporate by reference,

16  as if fully set forth again herein, the allegations contained in

17  paragraphs 1 through 82 of this complaint and incorporate them

18  herein as if separately repled.

19      84.  At all times herein mentioned, plaintiffs were

20  entitled to the protections of the "Public Services" provisions

21  of Title II of the Americans with Disabilities Act of 1990

22  (hereinafter referred to alternatively as the "ADA").  Pursuant

23  to 42 U.S.C. section 12132, section 202 of Title II, no

24  qualified individual with a disability shall, by reason of such

25  disability, be excluded from participation in or be denied the

26  benefits of the services, programs or activities of a public

27  entity, or be subjected to discrimination by any such entity.

28  Defendants THE CITY OF SAN JOSE; THE CITY OF SAN JOSE

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 34 —

1   REDEVELOPMENT AGENCY; and GOVERNMENT ENTITY DOES 26 through 50,

2   Inclusive were and are such public entities or agents who

3   implemented the services for such agencies.  Plaintiffs were at

4   all times relevant herein qualified individuals with a

5   disability for all purposes under the ADA.

6        85.   Under Title II, governmental entities were

7   required by the compliance deadline of January 26, 1992 to

8   perform a self-evaluation and implement a "transition plan,"

9   either bringing their facilities into compliance with the ADA

10  accessibility guidelines or altering their programs to

11  compensate for the accessibility deficiencies discovered in the

12  ADA self evaluation process.  Removal of barriers and provision

13  of access is further required under section 504 of the

14  Rehabilitation Act of 1973 for all recipients of Federal

15  financial assistance used to fund the operations of buildings

16  and facilities, and under section 11135 Government Code for the

17  receipt of similar state funding.

18       86.   The defendant government entities involved have,

19  in violation of Title II of the Americans with Disabilities Act

20  of 1990, failed to ensure that individuals with physical

21  disabilities, such as plaintiffs, are not excluded from

22  services, programs and activities, including those specified in

23  paragraphs 12 through 20.

24       87.   As a result of such discrimination, in violation

25  of section 202 of the ADA, plaintiffs are entitled to the

26  remedies, procedures and rights set forth in section 505 of the

27  Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by

28  section 203 of the ADA, including injunctive relief and damages

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages            — 35 —

1   for violation of their Civil Rights, as previously plead.

2          88.   On information and belief, to the date of filing

3   of this complaint, the defendants have failed to make any of

4   their facilities complained of and described herein properly

5   accessible to and usable by physically disabled persons, as

6   required by law.

7          89.   Plaintiffs request appropriate damages for their

8   complained of visit, litigation expenses and costs, and

9   reasonable attorneys' fees as provided by law.

10         90.   Plaintiffs are further informed and believe that

11  during the applicable statutory periods the named governmental

12  defendants and each of them have been made aware orally, in

13  writing, and through the media and governmental sources of the

14  inaccessibility of their public facility/business to disabled

15  persons, such as plaintiffs, and other persons with disabilities

16  similarly situated, and of the federal and state legal

17  obligations of owners and operators of public facilities to make

18  their facilities accessible to disabled persons.  Despite being

19  informed of such effect on disabled persons and the manner in

20  which their practices and lack of accessible facilities were

21  continuing to discriminate against disabled persons on a day-to-

22  day basis, said defendants and each of them knowingly and

23  willfully failed and refused to take proper steps to rectify

24  this situation and to provide full and equal access for disabled

25  persons to each public facility referred to herein.

26         91.   Plaintiffs request that an injunction be ordered

27  requiring that defendants make all such facilities herein

28  described, accessible to and usable by disabled persons, and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 36 —

1   instruct all employees as to proper policies to facilitate

2   access, and set up practices and procedures to ensure that no

3   disabled person who is mobility impaired is denied the use of

4   facilities described in paragraphs 12 through 20, and that all

5   such facilities be made "accessible to and usable by" physically

6   disabled persons.

7          WHEREFORE, plaintiffs pray that this court grant

8   relief as requested hereinbelow.

9

10                     **TENTH CAUSE OF ACTION**
          **VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

11          **(Applicable to the Government Entity Defendants)**

12

13         92.   Plaintiffs replead and incorporate by reference,

14   as if fully set forth again herein, the allegations contained in

15   paragraphs 1 through 91 of this complaint and incorporate them

16   herein as if separately repled.

17         93.   Plaintiffs are informed and believes and

18   therefore alleges that the named Government Entity Defendants,

19   are now or have been in the past at times relevant to this

20   complaint, recipients of federal financial assistance and that

21   part of that financial assistance is used or has been used to

22   fund the operations of some or all of the specific building and

23   facilities described herein, and the activities which take place

24   therein, or such defendants lease, or operate upon, facilities

25   that have been subject to receipt of financial assistance.

26         94.   By their actions and/or inactions in denying

27   disabled accessible facilities at the facilities and building

28   specified, defendants have violated plaintiffs' rights under

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 37 —

section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794,
and the regulations promulgated thereunder, the Uniform Federal
Accessibility Standards ("UFAS").

95.   By their actions or inactions in denying
plaintiffs their right to have access to the same programs,
activities and environment as non-disabled persons, and by
otherwise discriminating against plaintiffs solely by reason of
their physical disabilities, defendants and each of them have
violated plaintiffs' rights under section 504 of the
Rehabilitation Act of 1973 and the regulations promulgated
thereunder.  Plaintiffs seek damages for the ongoing and
continuous denial of their Civil Rights from the date of their
visit to the time of trial or remediation, and for physical,
mental and emotional injury, all to their damages according to
proof.  Further, plaintiffs seek injunctive relief requesting
that the court order defendants to correct the access
deficiencies complained of herein so that plaintiffs will not
continue to be discriminated against.

96.   Plaintiffs have no adequate remedy at law as to
facing the recurring damages facing them each time they return
to these inaccessible facilities, and unless the relief
requested herein is granted, plaintiffs and other disabled
persons will each suffer irreparable injury by the deprivation
of access to the specified public facilities operated by
defendants.

WHEREFORE, plaintiffs pray that the court grant relief
as requested hereinbelow.

////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 38 —

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 *ET SEQ.***

**(Applicable to All Defendants)**

97.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 96 of this complaint and incorporate them herein as if separately repled.

98.   Plaintiffs are informed and believe and therefore allege that the subject facility is a building, structure or related facility within the meaning of California Government Code sections 4450 and 4451, and which was built, maintained or leased with public funds.  Plaintiffs are further informed and believe and therefore allege that the governmental defendants and their predecessors in interest, as joint tortfeasors and joint venturers, have constructed, altered, or repaired parts of such facilities within the meaning of California Government Code sections 4450 and 4451 since July 1, 1968, thereby requiring provision of access to persons with disabilities, as required by law.  Further, since January 1, 1982, construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.

99.   Both the named Private Entity Defendants and the Government Entity Defendants participate in the operation of the subject public accommodation, subjecting the property and all such defendants to the requirements of sections 4450ff Government Code.

100. Plaintiffs have standing to enforce the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1   provisions of sections 4450ff Government Code under section

2   19953 Health & Safety Code.

3         101. The actions and inactions of the defendants as

4   herein alleged constitute a denial of access to and use of the

5   described public facilities by physically disabled persons

6   within the meaning of California Government Code sections 4450

7   *et seq.*  Plaintiffs have no adequate remedy at law as to facing

8   the recurring damages facing them each time they return to these

9   inaccessible facilities, and unless the relief requested herein

10  is granted, plaintiffs and many other physically disabled

11  persons will each suffer irreparable harm in that their

12  fundamental right to accessible public facilities will be denied

13  and abridged.  Plaintiffs seek injunctive relief under section

14  19953 Health & Safety Code (governing enforcement of actions

15  under sections 4450ff Government Code), and recovery of

16  reasonable attorneys' fees and costs.

17        WHEREFORE, plaintiffs pray that this court grant

18  relief as requested hereinbelow.

19

20            **TWELFTH CAUSE OF ACTION:**

         **VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**

21  **DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE**

                  **FROM THE STATE**

22

       **(Applicable to The Government Entity Defendants)**

23

24        102. Plaintiffs replead and incorporate by reference,

25  as if fully set forth again herein, the allegations contained in

26  paragraphs 1 through 101 of this complaint and incorporate them

27  herein as if separately repled.

28        103. The administration, supervision and maintenance

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages       — 40 —

1    by the Government Entity Defendants of the specified public

2    facilities and of the activities therein are funded, at least in

3    part, by the State of California.

4         104. The Defendants have failed to make these

5    facilities accessible to and usable by disabled persons in

6    violation of California Government Code section 11135 *et seq.*

7         105. Pursuant to recent amendments of section 11135, a

8    civil action for injunctive relief is available to remedy

9    violations.

10        106. Plaintiffs have no adequate remedy at law, and

11   unless the relief requested herein is granted, plaintiffs will

12   suffer irreparable harm in that they will continue to be

13   discriminated against and denied access to the specified public

14   facilities.  Because plaintiffs seeks improvement of access for

15   persons with disabilities, which will benefit a significant

16   portion of the public, plaintiffs seek attorneys' fees pursuant

17   to section 1021.5 California Code of Civil Procedure.

18        Wherefore, plaintiffs pray that the court grant relief

19   as requested hereinbelow.

20

21                            **PRAYER**

22        WHEREFORE, plaintiffs pray for an award and relief as

23   follows:

24        1.   Grant injunctive relief requiring that those of

25   the defendants which currently own, operate, control or lease

26   the subject premises, repair the premises and render them safe

27   to disabled persons, and modify their policies and procedures,

28   and otherwise provide "full and equal access" to the public

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 41 —

1  areas herein complained of, and make such facilities "readily

2  accessible to and usable by individuals with disabilities,"

3  according to the standards of sections 51, 54 and 54.1 et seq.

4  Civil Code; Title 24 of the California Administrative Code;

5  sections 4450-4456 Government Code; sections 19952, 19953 and

6  19955-19959 Health & Safety Code; section 504 of the

7  Rehabilitation Act of 1973; section 11135 of the Government

8  Code; Titles II and III of the Americans With Disabilities Act

9  of 1990; the Americans With Disabilities Act Access Guidelines;

10  and prohibiting operation of these public facilities as public

11  facilities until defendants provide full and equal access to

12  physically disabled persons, including plaintiffs, in all

13  manners required by such statutes and government regulations;

14      2.   As against the private entity defendants, an

15  award of general, compensatory, and statutory damages, and all

16  damages as afforded by Civil Code Sections 54.3, including

17  treble damages, for each violation and each day on which

18  defendants have denied to plaintiff' equal access for the

19  disabled, commencing on the date plaintiffs' initial visit of on

20  or about October 3, 2002, according to proof.

21      3.   As against the private entity defendants, an

22  award of general, compensatory, and statutory damages, and all

23  damages as afforded by Civil Code Sections 52, including treble

24  damages, for each violation and each day on which defendants

25  have denied to plaintiffs equal access for the disabled under

26  Title III of the ADA, commencing on the date plaintiffs' initial

27  visit of on or about October 3, 2002, according to proof.

28      4.   As against the private entity defendants, the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 42 —

1    imposition of a permanent injunction pursuant to Business and

2    Professions Code section 17203 restraining and enjoining the

3    defendants from continuing the acts of unfair competition set

4    forth above;

5         5.   During the pendency of this action, a preliminary

6    injunction issue pursuant to Business and Professions Code

7    section 17203 to enjoin and restrain the private entity

8    defendants from the acts of unfair competition set forth above;

9         6.   That the private entity defendants be ordered to

10   restore to the public all funds acquired by the acts of unfair

11   competition set forth above pursuant to Business and Professions

12   Code section 17203;

13        7.   That all defendants be required to pay

14   plaintiffs' reasonable attorney's fees, litigation expenses and

15   costs pursuant to Sections 54.3 and 55 of the Civil Code,

16   Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

17   Procedure, Section 504 of the Rehabilitation Act, and

18   Section 505 of the ADA;

19        8.   Award damages against the government entity

20   defendants pursuant to section 504 of the Rehabilitation Act.

21        9.   Award damages against the government entity

22   defendants pursuant to Title II of the Americans with

23   Disabilities Act.

24        10.  As against the private entity defendants, the

25   imposition of punitive damages pursuant to Section 3294 Civil

26   Code;

27        11.  That all defendants be required to pay costs of

28   suit;

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 43 —

1        12.  That all defendants be required to pay

2   prejudgment interest pursuant to Section 3291 of the Civil Code;

3        13.  Such other and further relief as the Court deems

4   just and proper.

5

6   Dated: July 27, 2004                    𝕿𝖍𝖎𝖒𝖊𝖘𝖈𝖍 𝕷𝖆𝖜 𝕺𝖋𝖋𝖎𝖈𝖊𝖘
                                            TIMOTHY S. THIMESCH

7

8

9                                           _____
                                            Attorneys for Plaintiffs
10                                          CONNIE ARNOLD AND CHRISTINE
                                            FITZGERALD
11

12

13                      **DEMAND FOR JURY TRIAL**

14        Plaintiffs hereby demand a jury for all claims for

15   which a jury is permitted.

16

17

18   Dated: July 27, 2004                   _____
                                            By: TIMOTHY S. THIMESCH
19                                          Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

𝕿𝖍𝖎𝖒𝖊𝖘𝖈𝖍 𝕷𝖆𝖜 𝕺𝖋𝖋𝖎𝖈𝖊𝖘
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 44 —