SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiffs                                **\*E-FILED ON 8/17/05\***
CONNIE ARNOLD and
CHRISTINE FITZGERALD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD and<br>CHRISTINE FITZGERALD<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHNNY ROCKETS RESTAURANT;<br>J. R. WEST, INC; THE CITY OF SAN JOSE REDEVELOPMENT AGENCY; F.C. PAVILION, LLC; PRIVATE ENTITY DOES 2 through 25; and GOVERNMENT ENTITY DOES 26 through 50, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 03-3502 HRL<br><u>Civil Rights</u><br><br><br><br><br>**CONSENT DECREE AND ORDER** |

1. **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiffs filed this action against the above named Defendants to enforce provisions of Title III of the Americans With Disabilities Act Of 1990, 42 U.S.C. 12101 et. seq., California Government Code section 4450, California Health and Safety Code Section 19955 et. seq., California Civil Code sections 51, 54 and 54.1, and California Code Of Federal Regulations, Title 24.  Plaintiffs, who are physically disabled persons within the meaning of both state and federal civil rights laws and statutes and who require the use of wheelchairs for mobility, allege that this case involves the denial of disabled accessible "paths of travel," entrances, restrooms, seating, signage,  and related facilities to Plaintiffs  and other  disabled persons at the Johnny Rockets restaurant at 150 South First Street, San Jose, California..  Plaintiffs allege that they were denied equal protection of the law and were denied Civil Rights under both California law and federal law, all as more particularly set forth in the Complaint on file in the action, which Complaint is incorporated by reference herein as if set forth in full.  Plaintiffs allege that they were denied their rights to full and equal access at the restaurant  because it was not, and is not, properly accessible to disabled persons such as Plaintiffs who use wheelchairs.   Plaintiffs' lawsuit seeks injunctive relief to require Defendants to make the restaurant and its  facilities accessible to disabled persons and to ensure that any disabled person who visits the restaurant and its facilities  will be provided accessible entry, proper accessible facilities, and proper access to usable sanitary facilities. Plaintiffs' lawsuit also seeks recovery of damages for personal injuries. Plaintiffs' lawsuit also seeks recovery of damages for discriminatory experiences at the restaurant. Finally, Plaintiffs' lawsuit seeks recovery of reasonable attorneys' fees,  litigation expenses, and costs.

2. **DEFENDANTS' DENIALS AND NO ADMISSION OF LIABILITY**

Defendants deny Plaintiffs' allegations and, by entering into this Consent Decree And Order, in no way admit to any liability whatsoever. In this regard, the parties enter into this Consent Decree And Order to amicably resolve all aspects of the Lawsuit without the need for further protracted litigation and to resolve all allegations raised in the Complaint on file herein. The parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is the most appropriate means of resolving these matters. Accordingly, they

agree to the entry of this Order with respect to the matters covered herein without trial or further adjudication of any issues of fact or law.

3. **JURISDICTION AND VENUE**

This Court has jurisdiction over the public accommodations named in this action pursuant to 28 USC 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts are also brought under California law, including but not limited to violations of California Government Code 4450, Health & Safety Code 19955 et seq., including 19959; California Code of Regulations, Title 24; and California Civil Code sections 51, 54, and 54.1.

Under the doctrine of supplemental jurisdiction, this Court has jurisdiction over Plaintiffs' claims arising under California state law.

Venue is proper in the Northen District of California, the judicial district in which the claims have arisen, pursuant to 28 U.S.C. section 1391(b).

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Decree And Order, which provides as follows:

4. **SETTLEMENT OF ON-GOING LITIGATION**

This Consent Decree And Order shall be a full, complete, and final disposition and settlement of all of Plaintiffs' claims that have arisen out of the Complaint with respect to the Lawsuit.

The Court shall retain jurisdiction of this action to enforce the provisions of this Consent Decree And Order for three (3) years from the date the Court enters this Consent Decree And Order or until dismissal of the Lawsuit with prejudice, **whichever occurs first.**

5. **INJUNCTIVE RELIEF**

Defendant J. R. West, Inc. shall perform the tasks and injunctive relief work set forth in **Exhibit 1** hereto, which **Exhibit 1** is incorporated by reference herein as if set forth in full, in accordance with the standards and specifications of The Americans With Disabilities Act Administrative Guidelines (ADAAG) and Title 24-2 of the California Code of Regulations. Defendant J. R. West, Inc. shall perform said tasks and perform all such injunctive relief work by

no later than November 24, 2005.

Within five (5) days of the completion of all the tasks and work set forth in **Exhibit 1** to this Consent Decree And Order, Defendant J. R. West, Inc. shall provide Plaintiffs' attorney with written notice that Defendant J. R. West, Inc. has fully completed all such tasks and work.

If Plaintiffs determine that Defendant J. R. West, Inc. is in violation of the requirements of this paragraph 5 and/or **Exhibit 1**, Plaintiff shall provide facsimile notice to Defendants' counsel setting forth the nature of the violation[s]. Plaintiffs' and Defendants' counsel thereafter shall meet and confer within seven (7) days from the date of transmission of said facsimile notice in an effort to resolve the matter. If they are unable to do so, any party thereafter may submit the matter to the Court for resolution.

6. **DAMAGES AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**

Defendant J. R. West, Inc. shall pay to Plaintiffs the sum of $61,250 and Defendant F.C. Pavilion LLC shall pay to Plaintiffs the sum of $2,500, for a total of $63,750, for all damages of Plaintiffs (including but not limited to personal injuries) and all Attorney's fees, litigation expenses, and costs of Plaintiffs. The payments totaling $63,750 are to be made payable to "Sidney J. Cohen Professional Corporation, in trust for Connie Arnold and Christine Fitzgerald, " are to provided to and received by Sidney J. Cohen Professional Corporation , 427 Grand Avenue, Oakland, Ca. 94610 no later than the dates set forth in A and B below, and are to be made in installments as set forth in A and B below. Upon receipt and clearance of the $30,000 amount in Plaintiffs' counsel's trust account, Plaintiffs' counsel shall distribute Ms. Arnold's damages directly to her special needs trust and Ms. Fitzgerald's damages directly to her.

    **A.**    **Payments by Defendant J. R. West, Inc.:**

        August 15, 2005:    $30,000

        September 15, 2005:  $ 3,500

        October 15, 2005:    $ 3,500

        November 15, 2005:  $ 3,500

        December 15, 2005:  $ 3,500

|   |   |
|---|---|
| January 15, 2006: | $ 3,500 |
| February 15, 2006: | $ 3,500 |
| March 15, 2006: | $ 3,500 |
| April 15, 2006: | $ 3,500 |
| May 15, 2006: | $ 3,250 |

If any payment required to be made by J. R. West, Inc. is not provided to and received by Sidney J. Cohen Professional Corporation, 427 Grand Avenue, Oakland California 94610 by the due date, Plaintiffs' counsel shall provide facsimile notice to Defendants' counsel that payment has not been provided by the due date. If any such payment is not thereafter provided to and received by Sidney J. Cohen Professional Corporation, 427 Grand Avenue, Oakland California 94610 within three (3) business days from the date of transmission of the facsimile notice, then 1) the whole remaining principal not paid and to be paid by J. R. West, Inc. shall become immediately due and payable and thereafter shall accrue interest until paid at the legal rate, which presently is ten percent (10%) per annum, and 2) Plaintiffs may enter Judgment against Defendant J. R. West, Inc. for the entire balance due without further Notice to Defendants.

**B.     Payment by Defendant F.C. Pavilion LLC**

May 15, 2006:        $ 2,500

7.    **DISMISSAL OF ACTION**

Plaintiffs shall dismiss the Lawsuit against Defendants with prejudice within ten (10) days of the performance of all of Defendants' obligations set forth in this Consent Decree And Order.

8.    **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542**

Except for all obligations required in this Consent Decree And Order, each of the parties to this Consent Decree And Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, damages, actions,

Consent Decree And Order                              -4-

and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

Each of the parties to this Consent Decree And Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree And Order is signed. Except for all obligations required in this Consent Decree And Order, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree And Order with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

9. **ENTIRE CONSENT DECREE AND ORDER**

This Consent Decree And Order and its Exhibit constitutes the entire agreement on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree And Order and Exhibit shall be enforceable regarding the matters raised herein.

10. **CONSENT DECREE AND ORDER BINDING ON PARTIES**

This Consent Decree And Order shall be binding on Plaintiffs and Defendants in this action and any successor in interest to Plaintiffs and Defendants. Each Party shall notify each such successor in interest of the existence and terms of this Consent Decree And Order.

Consent Decree And Order                -5-

11. **TERM OF THE CONSENT DECREE AND ORDER**

This Consent Decree And Order shall be in full force and effect **, and this Court shall retain jurisdiction of this action to enforce the same,** for a period of three (3) years after the date of entry of this Consent Decree And Order or until Dismissal of the Lawsuit with prejudice, **whichever occurs first.** ~~The Court shall retain jurisdiction of this action to enforce this Consent Decree And Order.~~

12. **RESERVATION OF RIGHTS AND "HOLD" ON LITIGATION AGAINST DEFENDANTS CITY OF SAN JOSE REDEVELOPMENT AGENCY AND F.C. PAVILION, LLC**

Plaintiffs assert that Defendants City of San Jose Redevelopment Agency and F.C. Pavilion, LLC are jointly and severally liable with Defendant J.R. West, Inc. for the obligations set forth in this Consent Decree And Order that J.R. West, Inc. has agreed to perform. Defendants City of San Jose Redevelopment Agency and F.C. Pavilion, LLC assert that they are not so jointly and severally liable. In this regard, the Plaintiffs and Defendants City of San Jose Redevelopment Agency and F.C. Pavilion, LLC agree that the litigation between them shall be on hold so long as Defendant J. R. West, Inc. performs the obligations required of it in this Consent Decree And Order and that Plaintiffs reserve their right to apply to the Court to place this lawsuit on the active calendar against Defendants City of San Jose Redevelopment Agency and F.C. Pavilion, LLC in the event that Defendant J. R. West, Inc. does not perform the obligations required of it in this Consent Decree And Order.

13. **SEVERABILITY**

If any term of this Consent Decree And Order is determined by any court to be unenforceable, the remaining terms of this Consent Decree And Order shall nonetheless remain in full force and effect.

14. **COUNTERPARTS**

This Consent Decree And Order may be signed in counter parts by the Parties and shall be as valid and binding on each Party as if fully executed all on one copy.

15. **FACSIMILE SIGNATURES**

Facsimile signatures shall be as valid and binding on each Party as an original signature.

16. **SIGNATORIES BIND PARTIES**

Each signatory on behalf of each party represents that he or she is authorized to bind each such party to this Consent Decree And Order.

| | |
|---|---|
| Dated: 8/10/05 | SIDNEY J. COHEN PROFESSIONAL CORPORATION |
| | /s/ Sidney J. Cohen |
| | Sidney J. Cohen, Attorney for Plaintiffs |
| Dated: 8/10/05 | LAW OFFICES OF PERRY ROSHAN-ZAMIR |
| | /s/ Perry Roshan Zamir |
| | Perry Roshan Zamir, Attorney for Defendant Johnny Rockets Restaurant and J. R. West, Inc. |
| Dated: 7/22/05 | OFFICE OF THE CITY ATTORNEY |
| | /s/ Michael R Groves Angelina Nedrow |
| | Michael R. Groves, Angelique Gaeta Nedrow Attorneys for Defendant City Of San Jose Redevelopment Agency |
| Dated: 8/10/05 | ROPERS, MAJESKI, KOHN & BENTLEY |
| | /s/ John S. Simonson |
| | John S. Simonson, Attorneys for Defendant F.C. Pavilion, LLC |

**(as modified by the Court)**
Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

**August 17, 2005**        /s/ Howard R. Lloyd
Howard R. Lloyd
UNITED STATES MAGISTRATE JUDGE

Consent Decree And Order                         -7-

## PART II. RECOMMENDATIONS

| Item | Feature | Recommendation |
|---|---|---|
| | **ENTRANCES** | |
| 1 | Door landing at primary entrance | Install an electric door opener to mitigate the sloping door landing. |
| 2 | Excessive Door Pressure at both entrances | • Primary entrance- Installing an electric opener (per item-1) would resolve the excessive door pressure.<br>• Secondary entrance: Adjust or replace the door closer. |
| | **WHEELCHAIR SEATING** | |
| 3 | Wheelchair Seating at Tables and Booths | ~~Replace two of the booths with movable tables and chairs so that each new table can seat at least four people of which at least two of the spaces at each new table can be wheelchair usable.~~ Each of the new accessible seating spaces must be on an accessible route, and must be minimum 30" wide by minimum 27" high. Each space must also be minimum 48" long in which 19" of that length extends under the table.<br>Note: A 42" diameter round table is acceptable if it has a single center post that is 4" diameter and is supported by a very low-profile base. |
| 4 | Wheelchair Seating at counter | ~~Lower a 60-inch long section of the counter to provide space for a wheelchair user and companion. There is no requirement to reserve this space for wheelchair users. 2 to 3 movable chairs may be positioned at the lower counter when a person in a wheelchair is not using it.~~ |
| | **WOMEN'S RESTROOM** | |
| 5.A | Door Pressure | Adjust or replace the door closer in order to provide maximum 5lb. pressure |
| 5.B | Maneuvering Space | Replace the self-latching doorknob with a deadbolt to remove the requirement for 12" of strike-edge clearance |
| 5.C | Door Landing | No action recommended |
| 5.D | Side Grab Bar | Move the grab bar as far from the back wall as the door trim will allow it to go. This will leave it 1-3/4" short of the requirement rather than 3-1/2" as it currently is. |
| 5.E | Side Transfer Space | Move the sanitary napkin waste disposal to the wall nearest the toilet |
| 5.F | Back Grab Bar | Move the toilet seat cover dispenser to the wall opposite the door & INSTALL AT MAXIMUM 40" HEIGHT |
| 5.G | Toilet Paper Dispenser | Move the dispenser so that its leading edge is no more than 36" from the wall behind the toilet. |
| 5.H | Mirror | Lower the mirror so that its bottom edge is no higher than 40" above the floor |
| | **MEN'S RESTROOM** | |
| 6.A | Door Pressure | Adjust or replace the door closer in order to provide maximum 5lb. pressure |
| 6.B | Maneuvering Space | Replace the self-latching doorknob with a deadbolt to remove the requirement for 12" of strike-edge clearance |
| 6.C | Side Grab Bar | Move the grab bar as far from the back wall as the door trim will allow it to go. This will leave it 1-3/4" short of the requirement rather than 3-1/2" as it currently is. |
| 6.D | Back Grab Bar | Move the toilet seat cover dispenser to the wall opposite the door & INSTALL AT MAXIMUM 40" HEIGHT. |
| 6.E | Toilet Paper Dispenser | Move the dispenser so that its leading edge is no more than 36" from the wall behind the toilet. |
| 6.F | Mirror | Lower the mirror so that its bottom edge is no higher than 40" above the floor |

Handwritten annotations:

- (pointing to item 3) FOUR ~~SIX~~ REPLACE BOOTHS AND/OR TABLES AS NEEDED TO PROVIDE 4 TABLES THAT YIELD A MINIMUM OF 2 WHEELCHAIR SEATING SPACES EACH, THEREBY CREATING 2 WHEELCHAIR SEATING SPIKES
- (pointing to item 4) REMOVE ONE STOOL